■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. FRED SCHMIDT, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—Judgment, Supreme Court, Clinton County, entered on June 12, 1974, affirmed, without costs. No opinion. Kane, Main, Larkin and Reynolds, JJ., concur; Sweeney, J. P., dissents and votes to reverse in the following memorandum. Sweeney, J. P. (dissenting). I adhere to my position in *Matter of Mullins v State Bd. of Parole* (43 AD2d 382, 383, app dsmd as moot 35 NY2d 992) and, therefore, dissent and vote to reverse.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CARL WALTHER, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered October 23, 1973, upon a verdict convicting defendant of the crime of criminally selling a dangerous drug in the second degree. Defendant was indicted, tried and convicted of criminally selling a dangerous drug in the second degree. (Penal Law, former § 220.40, subd [1]). Specifically, he was charged with knowingly and unlawfully selling a narcotic drug, i.e., marijuana, to a person 16 years of age. On this appeal defendant raises three issues urging reversal. He contends first that the jury failed to specify the precise crime of which they found him guilty. He points out that the court charged the jury that they could return a verdict of not guilty or guilty of criminally selling a dangerous drug in the second, third or fourth degree, but the jury reported, "We find the defendant guilty". We are not persuaded by this contention. Defendant made no objection to the verdict as reported. If it was not clear, he should have objected and requested a clarification. Furthermore, defendant was indicted for a criminal sale in the second degree and there is ample evidence in the record to establish a violation of former section 220.40 of the Penal Law, including a sale to one under 21 years of age. A general verdict under the circumstances was, in fact, a verdict of guilty as charged. *(People v Rugg,* 98 NY 537.) Nor are we persuaded that defendant was prejudiced by the fact that a motion was made in the presence of the jury to dismiss the indictment. Finally, we find no merit to defendant's contention that the trial court made prejudicial statements in its charge to the jury. It is significant that defendant made no objections or requests to the charge. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.